OPINION
{¶ 1} Appellant Brenda Lane appeals a civil stalking protection order of the Ashland County Common Pleas Court protecting appellee Bruce Bright, and his children, Austin and Dominique Bright:
 {¶ 2} "The trial court's findings of fact and conclusions of law failed to establish the basic elements of O.R.C. 2903. 211 as a pre-requisite to the issuance of a protection order pursuant to O.R.C.2903.214.
 {¶ 3} "The trial court's issuance of the protection order for violating O.R.C. 2903.211 was not supported by sufficient evidence.
 {¶ 4} "The trial court's issuance of the order of protection in favor of appellee and against appellant constituted an abuse of discretion."
 {¶ 5} Appellant and appellee are brother and sister. In 1998, appellee and his wife, Leslie Jarvis, were going through a custody dispute over Austin and Dominique. For a period of six months, appellant and her husband regularly babysat the children for appellee.
 {¶ 6} In May of 2000, appellee agreed to allow his children to spend the night at appellant's home. At the time, appellee had two non-related men living at his home: a thirty-five year old man named Gary who was doing some work for him, and Gary's fourteen-year old son. Appellant was not comfortable with these living arrangements.
 {¶ 7} During the over-night stay at appellant's home, appellant placed the two children in the bathtub, and left the room to take a telephone message. When she returned, Austin was physically pushing Dominique down in the bathtub, spreading her legs apart, and climbing on top of her. When appellant asked Dominique if this had ever been done to her by anyone else, she replied, "Gary."
 {¶ 8} After attempts to resolve the incident inside the family failed, appellant reported the incident to the Department of Children's Services. Following an investigation, no findings of abuse were made. However, the relationship between appellant and appellee completely deteriorated. Appellee did not want the children with appellant, as he felt appellant desired to adopt the children, and would do anything to take the children away from him.
 {¶ 9} In the spring of 2002, appellee went to Florida for two weeks, attending the Daytona 500. He left the children with his mother, who owns a tree nursery. Both appellant and her husband work part-time at the nursery. While appellant and her husband were at the nursery with the children and appellee's mother, they needed to run an errand for the nursery. Dominique asked to go along, and the grandmother agreed. The child accompanied appellant and her husband to Sam's Club, and to lunch. Appellee became upset when he learned that appellant had spent time alone with the child without his permission.
 {¶ 10} In August of 2002, appellant was hosting a 50th Anniversary surprise party for her parents at her home. She did not invite appellee. On the night in question, appellee had left the children with his teenage daughter from another relationship. He then went to dinner with his ex-wife. His older daughter was to drop the children off at appellee's parent's home at around 9:00.
 {¶ 11} Appellee's teenage daughter telephoned appellant, and wanted to come to the party. They agreed, and the children attended the party with appellee's older daughter. Following the party, the children went home with appellee's mother. From about 9:15 until 10:00 that night, appellee attempted to reach his mother by telephone, but could not find his mother, and could not find out where the children were. Upon learning the children had been at appellant's house, appellee filed the instant petition seeking a civil stalking protection order against appellant.
 {¶ 12} The case proceeded to a hearing in the Ashland County Common Pleas Court. Following the hearing, the court issued the civil protection order for a five year period. The court found in its findings of fact and conclusions of law that appellee has the right to set and enforce reasonable rules regarding who his children may be around, and appellant knowingly and purposely violated the rules. The court found by a preponderance of the evidence that by seeing the children without appellee's permission, appellant caused appellee mental distress.
 I, II, III {¶ 13} In all three assignments of error, appellant argues that the evidence was insufficient to meet the statutory requirements for issuance of a civil protection stalking order.
 {¶ 14} In order to be entitled to a civil protection order, appellee was required to demonstrate that appellant had violated R.C.2903.211:
 {¶ 15} No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.
 {¶ 16} Whoever violates this section is guilty of menacing by stalking, a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of this section involving the same person who is the victim of the current offense, menacing by stalking is a felony of the fifth degree.
 {¶ 17} As used in this section:
 {¶ 18} "Pattern of conduct" means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents.
 {¶ 19} "Mental distress" means any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment."
 {¶ 20} While he testified repeatedly that he had told his sister he did not want the children to be alone with her, there is no evidence that the children were alone with appellant during the August anniversary party. There is also no evidence that appellant was in any way responsible for the children's presence at the party at her home. The children were brought to the party by their half-sister, were present at the party with other family members, and left the party with their grandparents.
 {¶ 21} There is insufficient evidence to demonstrate that appellant's conduct knowingly caused appellee or either of the children to believe that she would cause mental distress to them. Appellee testified that because his sister was unable to have children, he felt she began to obsess about his daughter and would do anything to take the children, particularly Dominique, away from him. Because of this, he told appellant he did not want her alone with the children because he did not trust her. However, he continuously left the children at his mother's place of business, where he knows appellant and her husband are employed. In addition, while he testified that he was upset to learn appellant took Dominique shopping alone, his distress on the night of the anniversary party was caused because he could not find the children. The children were not present at appellant's house through any action of hers; therefore, any mental distress caused to appellee was through the actions of his teenage daughter or his parents.
 {¶ 22} While appellee testified that the children suffered mental distress as a result of the shopping trip and the anniversary party, he did not point to any specific behavior to support his conclusion. Appellee's ex-wife, Leslie Jarvis, testified that Dominique gets very upset and has stomachaches when she is around appellant. However, she testified that the problems arise because appellant frequently wanted to see only Dominique, and not Austin, and that Dominique gets upset not from being with appellant, but because she fears appellee will be upset.
 {¶ 23} It is apparent from the record that the instant situation is a long-standing family dispute that is not the kind of conduct which fits within the menacing by stalking statute.
 {¶ 24} Assignments of Error I, II, and III, are sustained. The civil protection order issued by the Ashland County Common Pleas Court on August 21, 2002, is vacated. Costs to appellee.
By Gwin, P.J., Wise, J., and Boggins, J., concur.
civil protection order.